**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4445**

_____

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

ROBERT HANKARD,

　　　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Catherine C. Blake, Senior District Judge.  (1:20-cr-00017-CCB-1)

_____

Submitted:  January 22, 2024                    Decided:  February 2, 2024

_____

Before WYNN and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Alfred Guillaume III, LAW OFFICES OF ALFRED GUILLAUME III,
Greenbelt, Maryland, for Appellant.  Leo Joseph Wise, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hankard, a former detective for the Baltimore City Police Department ("BPD"), was convicted by a federal jury of conspiring to commit offenses against the United States, in violation of 18 U.S.C. § 371; conspiring to deprive citizens of civil rights, in violation of 18 U.S.C. § 241; two counts of destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519; and making false declarations before a grand jury, in violation of 18 U.S.C. § 1623.  The district court sentenced Hankard to 30 months' imprisonment, to be followed by three years of supervised release.

On appeal, Hankard's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether sufficient evidence supports Hankard's convictions and whether his sentence is procedurally and substantively reasonable.  Hankard has filed a supplemental pro se brief in which he challenges the veracity of certain witnesses' testimony and the lack of physical evidence supporting the Government's case.  He further asserts that trial counsel erroneously advised him not to testify in his own defense.  The Government has declined to file a response brief.  We affirm.

I

First, Hankard preserved his challenges to the sufficiency of the evidence supporting his convictions by moving for a judgment of acquittal in the district court.  "We review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United*

*States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted). "The jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted). "A defendant bringing a sufficiency challenge therefore bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Id.* (internal quotation marks omitted). Upon review of the record and Hankard's arguments, we conclude the evidence was sufficient to support each of his five convictions.[*]

## II

Turning to Hankard's sentence, we review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors,

---

[*] Although Hankard asserts that the Government's witnesses lied to secure shorter sentences, hide their own wrongdoings, and/or protect their employment, "[w]e do not assess witness credibility, and we presume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Reed*, 75 F.4th 396, 401 (4th Cir. 2023) (internal quotation marks omitted).

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within or below a properly calculated Guidelines range is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut this presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Hankard's sentence is procedurally and substantively reasonable. We discern no reversible error in the district court's resolution of Hankard's objections to the presentence report, nor did the court reversibly err by calculating the advisory Guidelines range of 51 to 63 months' imprisonment. The court thoroughly explained its reasons for imposing its chosen below Guidelines sentence of 30 months' imprisonment. Although the court acknowledged Hankard's personal history and his positive contributions to society—as outlined by his numerous character witnesses—the court weighed these considerations against the "egregious abuse of trust" involved in the offenses and the need for general deterrence. In light of the court's fulsome explanation, Hankard fails to overcome the presumption of reasonableness accorded his sentence.

4

III

Finally, we liberally construe Hankard's pro se argument that he was not represented properly as a claim that defense counsel rendered ineffective assistance by advising Hankard not to testify. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record demonstrates that the district court confirmed that Hankard understood his right to testify was "absolute," and that Hankard nevertheless declined to testify. Because ineffective assistance does not "conclusively appear[] on the face of the record," this claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.*

IV

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hankard, in writing, of the right to petition the Supreme Court of the United States for further review. If Hankard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hankard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*